UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RUI HE, ET AL., | ) | CASE NO. 1:17CV2462 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVOR ROM, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion to Dismiss their claims without

prejudice.  (ECF # 50).   On November 23, 2017, Defendants removed the above-captioned

case to this Court based on diversity of citizenship.  Plaintiffs' Complaint alleges fraudulent

conveyances of assets from Defendants' companies to Defendant family members in order to

avoid satisfaction of a judgment Plaintiffs obtained in 2016.  Plaintiffs obtained a judgment in

the amount of $148,000 against certain of Defendants' companies and another nearly $400k

in attorney fees.

On May 4, 2020, Defendants filed a Motion for Summary Judgment, contending

Plaintiffs cannot prove by competent evidence that there were any fraudulent conveyances

made and have failed to identify a single fraudulent transaction.  Rather than oppose the

Motion for Summary Judgment, Plaintiffs filed a Motion to Dismiss their claims against

Defendants.

According to Plaintiffs, "[d]espite significant efforts, the Receiver was unable to

locate assets in Ohio to pay some or all of the judgments. Plaintiffs believe certain assets may

exist in Florida where the Defendants reside or elsewhere, which have been placed there or

transferred by Rom to evade collection. However, Plaintiffs do not have the present

wherewithal to pursue those assets in Florida at this time, in part because they lost their

money to Rom. Plaintiffs have also been unable to obtain discovery from the corporate

Defendants in this action, which removed this action and filed an Answer, but then failed to

obtain new counsel or otherwise participate in this litigation." (Plaintiffs Motion to Dismiss

pg. 3).

Defendants oppose the Motion to Dismiss, arguing that Plaintiffs only moved to

dismiss after Defendants filed their Motion for Summary Judgment and after nearly two and a

half years of litigation. According to Defendants, dismissal without prejudice now would

constitute a 'plain legal prejudice.'

Federal Rule of Civil Procedure 41(a)(2) reads:

Except as provided in Rule 41(a)(1), an action may be dismissed at the
plaintiff's request only by court order, on terms that the court considers proper.
If a defendant has pleaded a counterclaim before being served with the
plaintiff's motion to dismiss, the action may be dismissed over the defendant's
objection only if the counterclaim can remain pending for independent
adjudication. Unless the order states otherwise, a dismissal under this
paragraph (2) is without prejudice.

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within

the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d

716, 718 (6th Cir.1994). "In the context of a Rule 41(a)(2) dismissal without prejudice, an

abuse of discretion is generally found 'only where the defendant would suffer 'plain legal

prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect

of a second lawsuit.'" *Rosenthal v. Bridgestone/Firestone, Inc.,* 217 F. App'x 498, 500 (6th

Cir. 2007) quoting *Grover,* 33 F.3d at 718. Courts consider the following factors when

determining whether a defendant will suffer 'plain legal prejudice': "the defendant's effort

and expense of preparation for trial, excessive delay and lack of diligence on the part of the

plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal,

and whether a motion for summary judgment has been filed by the defendant." *Grover,* 33

F.3d at 718. "The existence of a pending motion for summary judgment is a factor that

should be considered, but its existence does not mandate a finding of plain legal prejudice."

*Rosenthal*, 217 F. App'x at 502.

Considering the above factors, the Court finds a without prejudice dismissal will not

result in plain legal prejudice to Defendants. The parties have completed fact discovery and

Defendants have filed for summary judgment but trial is nearly four months away. There is

no contention that Plaintiffs delayed excessively or otherwise the prosecution of this case

other than Defendants argument that Plaintiffs records were largely disorganized and failed to

support Plaintiffs' fraudulent conveyance claims. These do not represent an excessive delay

or lack of diligence in prosecuting the action.

Defendants also contend Plaintiffs' Motion to Dismiss fails to explain the need for

dismissal. However, as noted above, Plaintiffs have asserted they were unable to obtain

necessary discovery from the corporate Defendants since their counsel has withdrawn and the

corporate Defendants have not obtained new counsel. Plaintiffs further contend they do not

possess the financial resources to pursue assets outside Ohio. Plaintiffs concede they have

been unable to locate assets in Ohio arising from the alleged fraudulent conveyances. These

reasons state a sufficient explanation of the need for a dismissal without prejudice.

Lastly, Plaintiffs have not responded to Defendants' Motion for Summary Judgment but instead have moved to dismiss the action.  As the Sixth Circuit has held, the presence of a Motion for Summary Judgment is a factor for the Court to consider but does not determine the issue of whether the Court should grant a without prejudice dismissal.  In light of the above factors, Court finds they do not lead to the conclusion that such dismissal will work a plain legal prejudice on Defendants.

However, the above factors do warrant certain conditions placed on Plaintiffs should they choose to refile the action, given the fact that the case has been pending for more than two years, trial is set for four months from the date of this Order, Defendants have a pending Motion for Summary Judgment and Plaintiffs' tacit acknowledgment they were unable to locate assets in Ohio arising from fraudulent conveyances.  Therefore, the Court will grant the Motion to Dismiss Without Prejudice so long as Plaintiffs agree to pay the costs of Defendants' Motion for Summary Judgment upon refiling.  In addition, no further discovery will be permitted absent a showing of good cause by Plaintiffs in any subsequent action. Plaintiffs shall notify the Court no later than June 30, 2020 whether they agree to these conditions.  If yes, the Court will dismiss the action without prejudice.  If no, the case shall proceed as scheduled.

IT IS SO ORDERED.


Date: June 24, 2020                    /s/Christopher A. Boyko
                                       CHRISTOPHER A. BOYKO
                                       Senior United States District Judge

4